UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-20005-Cr-LEIBOWITZ

UNITED STATES OF AMERICA,

   Plaintiff,

v.

ERINSON FELIX,

   Defendant.

_____/

***OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT AND REQUEST FOR VARIANCE***

The Defendant, ERINSON FELIX, hereby respectfully objects, pursuant to *Federal Rule of Criminal Procedure* 32(b)(6)(B), to the *Pre-Sentence Investigation Report* ("PSI") filed in this Cause by the United States Probation Office, as follows:

1. **Arrest Date - Page Two (2) - Unnumbered Paragraph**   Erinson Felix objects to the arrest date of "1/9/2024" located as above described. In reality, he was taken into custody *and arrested* on December 6, 2023 by elements of the United States Government, the Department of Homeland Security, United States Coast Guard, USCGC *Dauntless*.

2. **Paragraph Twenty-nine (29)**   Mr. Felix objects to the characterization of his being a "co-captain" or that he shared "captain responsibilities" (as per co-defendant Vazquez-Gonzalez). In fact, Mr Felix was, at most, a helmsman, if not a mere deck hand and, as such, should be considered for a *Minor Role* in the role assessment and *not* placed *in pari delicto* with the true, admitted captain of the go-fast vessel ("GFV") upon which the three defendants were found. Nor, for the same reason, be placed in the same position as the armed, cargo-overseer. This position is clearly supported within the PSI, as a review of Paragraph 7 displays where the Coast Guard boarding

Page 2
United States District Court, Southern District of Florida
*United States of America v. Erinson Felix*
Case Number: 24-20005-Cr-LEIBOWITZ
*Objections to Pre-Sentence Investigation Report and Request for Variance*

team identifies Vazquez-Gonzalez as the "Master of the vessel", further denoting it was Mr. Vazquez-Gonzalez who, in dealing with the boarding team, made a claim of Dominican Republic registry for the GFV. Accordingly, a USSG two point reduction should be granted for *Minor Role* to Erinson Felix. Curiously, some discussion is contained in the PSI about there being *two* captains which, on a 3 person, go fast vessel, is ludicrous.

3.      **Paragraph Thirty-three (33)**   The Defendant should be found eligible for a *Safety Valve* reduction, as well as the other benefits granted pursuant to USSG §5C1.2 because an assignation of a firearm to someone who was not in possession nor even in knowledge thereof (until he was on dry land in custody) of such a weapon is in error, as well as unconscionable. Currently, there is a pending matter before the Eleventh Circuit Court of Appeals considering this very point wherein the *Government* appeals a Trial Court ruling which granted a two point reduction to a crewman who, like Mr. Felix,  was unaware of the presence of a firearm aboard the vessel upon which he was found.[1] Thus, Mr. Felix should be recognized as being *Safety Valve* eligible and receive a two point reduction pursuant to USSG §5C1.2, as well as be considered for a sentence *below* the ten year minimum mandatory in this matter.[2]

4.      **Paragraph Thirty-seven (37) - Specific Offense Characteristics:**   Mr.

---

[1] *Kaisi Presinal v. United States*, United States Court of Appeals, Eleventh Circuit, Case Number 22-11245-J, which matter is pending (Southern District of Florida Case Number: 21-20546-Cr-HUCK).

[2] Also, please refer to Paragraphs 18 and 23 of the PSI which refer to there being a "gun" in the custody and possession of the co-defendant who joined the vessel in Colombia *but not* in the care and custody of Mr. Felix nor, for that matter, even within the sphere of his knowledge.

Page 3
United States District Court, Southern District of Florida
*United States of America v. Erinson Felix*
Case Number: 24-20005-Cr-LEIBOWITZ
*Objections to Pre-Sentence Investigation Report and Request for Variance*

Felix adamantly posits that he did *not* even know of the presence of a gun, let alone possess a firearm or any other dangerous weapon, while aboard the GFV. Thus, the two level increase pursuant to USSG §2D1.1(b)(1) should be *disallowed* and the resulting *Specific Offense Characteristics* rating should be "0".[3]

     5.    **Paragraph Thirty-nine (39) - Adjustment for Role in the Offense:**  Mr. Felix maintains that he had a *Minor Role* comparatively speaking with the other two defendants upon the boat and, to that end, should be granted a two level *decrease*. Thus, the adjustment should be "-2".

     6.    **Paragraph Forty-one (41) - Adjusted Offense Level (Subtotal):**  Given the preceding objections, the accurate subtotal offense level should read "32".

     7.    **Paragraph Forty-five (45) - Total Offense Level:**  The Total Offense Level should be "29".

     8.    **Paragraph Seventy-eight - Guideline Provisions**  Pursuant to the preceding objections, the *Total Offense Level, Criminal History Category I,* with a *Guideline Imprisonment Range* of 87 - 108 months. However, the Court is implored to issue a Sentence *below* both, the minimum mandatory and the Guideline Range pursuant to a Variance being granted, as discussed further, herein below.

     9.    **Paragraph Ninety (90)**  The Defendant objects to there not having been

---

[3]The PSI refers, at Paragraph 27, that co-defendant Balbuena told Mr. Felix "at one point... that he had a gun" <u>without</u> further commentary or expansion as to *when or where* they were when that comment was made. It is Mr. Felix's steadfast position that he was told of the existence of the fun by Mr. Balbuena only once they were ashore in custody at Miami and, further, that Mr. Balbuena stated that the weapon was his responsibility, not Mr. Felix's.

Page 4
United States District Court, Southern District of Florida
*United States of America v. Erinson Felix*
Case Number: 24-20005-Cr-LEIBOWITZ
*Objections to Pre-Sentence Investigation Report and Request for Variance*

factors warranting a departure and/or a variance for Erinson Felix. Respectfully, these abound and were displayed to the very USPO who authored the *Presentence Investigation Report* as having been the unusual combination of this Defendant not having any criminal history whatsoever in his thirty-three years and having engaged in this illegal effort (which he fully recognized by way of his *Acceptance of Responsibility* statement) only due to the fact that he was trying to garner funds for obtaining medication for his infirm mother who lives in extreme poverty, along with the rest of his family in the Dominican Republic. Clearly, it was hardly engaged in for mere lucre.

10.     A *minimum mandatory* sentence of ten years exceedingly overstates his participation in this criminal matter acknowledged to, particularly when compared to other actors in same. Thus, put differently, exposing and holding Mr. Felix to a "min/mand" would be an abomination in this matter given the absurd height in which he would be placed, thus exposing him to a sentence far beyond what he would reasonably merit.  Sadly, this harkens to the early days of the *Sentencing Guidelines* when judges had their discretion removed inasmuch as the *Guidelines* were mandatory. Said another way, this placed judges in the position of being mere bookkeepers rather than true jurists.  Subsequent to that unfortunate period of time, particularly since the decision in *United States v. Booker,*[4] the theme of "*Variance*"[5] arose, in part as a response to this otherwise limitation upon judicial discretion.

_____

[4] 125 S.Ct. 738 (2005).

[5] 18 USC §3553(a).

Page 5
United States District Court, Southern District of Florida
*United States of America v. Erinson Felix*
Case Number: 24-20005-Cr-LEIBOWITZ
*Objections to Pre-Sentence Investigation Report and Request for Variance*

11.     As a consequence, it is Mr. Felix's position that it is well within the province of the Court to grant a *Variance* in this matter, given the combination of his relatively meager role, his cooperation with the authorities,[6] as well as his lack of criminal history.[7]

12.     **Special Assessment Waiver Request**  Further, Mr. Felix seeks a waiver of the Two Hundred Dollar ($200.00) *Special Assessment* which, under average circumstances, must be imposed by the sentencing court. As the PSI clearly displays at Paragraph Seventy-six (76), Mr. Felix earned a meager income when employed and, given his current situation, as well as his family obligations, does not appear to have the ability to pay a fine. As a consequence, a waiver of the *Special Assessment* in this case in the sum of $200.00 is respectfully requested.

*I HEREBY CERTIFY* that on July 26, 2024 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF.

LAW OFFICES OF MARIO S. CANO
Attorneys for the Defendant
Florida Bar Number 279412
2121 Ponce de Leon BL  #950
Coral Gables, FL  33134-5230
Telephone:   305/442-2121
Facsimile:    305/441-2121
MCano@CanoLawMiami.com

By:          s/Mario S. Cano
                MARIO S. CANO

---

[6] *United States v. Robinson*, 741 F.3d 588 (5th Cir. 2014).

[7] A Police Certificate issued by the appropriate authorities in the Dominican Republic displayed no criminal history was provided to the author of the PSI on July 2, 2024.