UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20005-LEIBOWITZ

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

OMAR ALFREDO IBARRA BALBUENA,

   Defendant.

_____/

## OBJECTIONS TO THE PSIR, MOTION FOR DOWNWARD VARIANCE AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, undersigned Counsel for Defendant **OMAR ALFREDO IBARRA BALBUENA** and files this, his Objections to the PSIR, Motion for Downward Variance and Incorporated Memorandum of Law and would state as follows:

On May 30, 2024, Mr. Ibarra Balbuena pled guilty to counts one and two of the Indictment, charging him with violations of Title 46, alleging a conspiracy to possess with the intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States and possession with the intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States.

His PSIR calculates at offense level 37, criminal history category I, with a resulting range of 210-262 months. A variance from this advisory guideline range is warranted in this case.

## OBJECTIONS TO THE PSIR

Mr. Ibarra Balbuena objects to paragraph 37 wherein he is assessed a 2-level increase for the firearm located on board the GFV. His position is that he did not willfully possess a firearm and that he was given the firearm by the organizers of the conspiracy, who were the owners of the cocaine

1

seized and had no choice, without risking death or bodily harm if he refused. Accordingly, the firearm was possessed under duress and possession of the firearm should not be attributable to Mr. Ibarra Balbuena under these circumstances. Consequently, if the safety valve were to apply, after receiving point reductions for safety valve and having no criminal history points (zero offender), he should score to level 31 and at criminal history category I, an advisory range of 108-135 months.

## MEMORANDUM

Pursuant to Title 18, United States Code, Section 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purpose set forth in subparagraph (a)(2). As the Court is aware, due to the mandatory aspect of subsection (b)(1) being held unconstitutional by *United States v. Booker*, 543 US. 220, (2005), Title 18, United States Code, section 3553 is purely advisory for the Court.  This allows the Court to use its discretion to deviate from the guidelines if there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.

To determine a reasonable sentence the District Court must consider several factors in addition to the Advisory Federal Sentencing Guidelines enumerated in Title 18, United States Code, and Section 3553.  These factors are as follows:

> (1) the nature and circumstances of the offense and the history and the characteristics of the defendant; (2) the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of the defendant as set forth in

2

the Guidelines issued by the Sentencing Commission that are in effect on the date Defendant is sentenced; (5) any pertinent policy statements issued by the Sentencing Commission (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Fortunately, the Section 3553(a) factors and the advisory nature of the Guidelines has given this Honorable Court discretion in which to fashion a sentence that is sufficient but not greater than necessary to comply with the purpose set forth in the section 3553(a) factors.

As reflected above, the Court needs to impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in paragraph 2 of this subsection. The Court, in determining the particular sentence to be imposed, shall consider, among other things, the nature and circumstances of the offense, the history and characteristics of the Defendant and the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

**HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

Mr. Ibarra Balbuena is a Venezuelan national who was desperate and became involved in this matter solely for survival and nothing more. He barely knew his father and does not have a relationship with his mother. He was raised by his grandparents. He describes his upbringing as "humble." He grew up poor economically and has struggled financially ever since. He is from a country under the leadership of a dictator who has neglected his people tremendously. Mr. Ibarra Balbuena has a 5 year old son with whom he has a great relationship. He has had no contact with his son since his incarceration. After arriving ashore after some 33 days at sea, Mr. Ibarra Balbuena met with the agents and gave an accounting of his activities and described what had occurred with respect to the firearm. What is omitted from the DEA-6 report provided is any mention of what Mr. Ibarra

3

Balbuena related to the agents regarding his fear of the organizers and basically felt that he had no choice but to comply with their instructions once he joined the conspiracy.

### <u>LOWER SENTENCES IMPOSED IN SIMILAR CASES</u>

A review of sentences imposed in similar cases—both in this district and nationwide—compels a sentence below the advisory guideline range. *First*, courts in this district have routinely varied downward in Title 46 cases where they have not granted a minor role reduction. Thus, a sentence within the 210-262 month range would introduce unwarranted disparity. Instructive examples include the following:

- *United States v. Alfonso*, **21-20306-CR-ALTONAGA.** The base offense level based on drug quantity was 36, and although ***there was a firearm present on the boat***, no enhancements applied. DE 105 (sentencing transcript). The guideline range was **108 to 135 months**, based on a total offense level of 31 and criminal history category of I. *Id.* The **sentence imposed was 75 months**. DE 89 (judgment).

- *United States v. Gonzalez et. al.*, **22-20350-CR-ALTMAN.** The base offense level based on drug quantity was 38, and no enhancements applied. DE 80 (PSI). The guideline range was **108 to 135 months**. *Id.* The **sentence imposed was 77 months**. DE 76 (judgment).

- *United States v. Vilorio-Pichardo*, **23-20077-CR-MARTINEZ.** The base offense level based on drug quantity was 36, and no enhancements applied. DE 79 (PSI). After application of the § 4C1.1 reduction, the guideline range was **87 to 108 months.** *Id.* The **sentence imposed was 72 months**. DE 89 (judgment).

Additional case examples include U.S. v. Luis Manuel Garcia Castillo et.al., 23-20424-CR-MOORE, a 450-kilo conspiracy with a firearm on board. Sentence of 108 months imposed and U.S. v Olfer Omar Ropero et.al. 23-20366-CR-HUCK, low-end guideline of 168 months, firearm on board, sentence imposed 120 months. If the § 2D1.1(b)(1) enhancement applies based on the presence of the firearm, as the PSI provides, then the advisory range should be 108 to 135 months, like in the Judge Altonaga case described above (in which there was a firearm present on

the boat, and the zero-point-offender reduction had not yet been contemplated). In both cases, the courts varied downward significantly. This Court should do the same. Second, more generally, there is a broad array of conduct that falls under the umbrella of "serious drug offenses," and much of it is starts with the same guideline provision: U.S.S.G. § 2D1.1. This includes cases charged under Title 21, and those charged under Title 46, the latter of which frequently involve defendants like Mr. Ibarra Balbuena who come from abjectly poor backgrounds and are typically first-time offenders who become involved under circumstances of dire need. Moreover, because § 2D1.1 works by holding individuals accountable based on drug weight, large-scale traffickers who own the drugs and the profit from their sale often start with the same range as lower-level individuals like Mr. Ibarra Balbuena, who stand to gain much less.

Given the lack of homogeneity in defendants whose advisory range is calculated under § 2D1.1, it is perhaps no surprise that courts frequently impose downward variances in such drug cases. National-level data presented in the U.S. Sentencing Commission's "JSIN" database[2] shows that among all § 2D1.1 defendants sentenced in the last five years on a guideline range of 108 to 135 months (offense level 31 and criminal history category I with powder cocaine), ***51% received a downward variance***. Moreover, even after *excluding anyone who received a cooperation-benefit at sentencing*, the *national median sentence for those defendants was 87 months*. So even putting cooperators aside, fully ***half of all defendants with an advisory range of 108 to 135 months received a downward variance to 87 months or less***. Where the guideline range was 87 to 108 months (offense level 29 and criminal history category I), the national median sentence was 78 months.

---

[2] Available at https://jsin.ussc.gov/analytics/saw.dll?Dashboard

5

## CONCLUSION

Mr. Ibarra Balbuena will further elaborate at his sentencing additional reasons supporting his request for a variance.

WHEREFORE, the undersigned respectfully requests that this Honorable Court consider the above in determining an appropriate sentence in this matter.

Respectfully submitted,

By: */s/ Albert Z. Levin, Esq.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Albert Z. Levin, Esq.*

ALBERT Z. LEVIN, ESQ.
Courthouse Center
40 N.W. 3rd Street, PH 1
Miami, Florida 33128
Telephone: (305) 379-7101
Facsimile: (305) 381-6869
Florida Bar No. 316581
albert@albertlevinlaw.com

6